## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KELLIE LENSING,**

        **Plaintiff,**

v.                             **Case No.:**

**Z-MEDICA, LLC,**

        **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, KELLIE LENSING, by and through her undersigned counsel and sues the Defendant, Z-MEDICA, LLC ("Defendant" or "Z-MEDICA"), and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Z-MEDICA, LLC, is a Foreign Limited Liability Company authorized and doing business in this Judicial District. At all times material, Z-MEDICA, employed Plaintiff, KELLIE LENSING.

4. At all times material, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, as amended, and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff, KELLIE LENSING, timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on October 29, 2018.

10. On May 8, 2019, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination. A copy of the Charge of Discrimination and Dismissal is attached as **Exhibit A**. This Complaint has been filed within ninety (90) days of the issuance of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. On or about March 12, 2018, Plaintiff began her employment with Defendant as Regional Sales Director. Plaintiff worked from home, was responsible for the West Florida territory, and performed her job well.

13. Plaintiff was assigned to Shawn Carlson's (AVP South) team and was the only female Direct Rep out of nine (9) on Carlson's team.

14. In or around late August 2018, Plaintiff began treating with doctors due to some concerns regarding the results of bloodwork which was taken previously.

15. On or about September 5, 2018, Plaintiff spoke to Alicia Mysiorski (Human Resources) concerning her health condition. Specifically, Plaintiff informed Mysiorski that her medical labs were showing that her blood platelets were low and that the doctors were working to figure out the issue. Plaintiff advised Mysiorski that she did not anticipate that her job would be affected, but requested some leeway. Additionally, Plaintiff asked Mysiorski to speak with Carlson regarding her health situation.

16. The following day, on or about September 6, 2018, Plaintiff received a call from Carlson requesting her expense reports. At that time, Plaintiff explained her medical situation to Carlson and asked for some leeway. After talking with Carlson, his attitude toward Plaintiff changed and he became increasingly irritated with Plaintiff if she had to miss time from work. Carlson made comments such as "what's going on with you?", "you seem like a different

person than when I hired you," and "I'm concerned about you." These comments were not made in an understanding or sympathetic manner.

17. On or about September 7, 2018, Plaintiff utilized PTO to take the day off to attend a CT Scan. Due to a negative reaction to the scan, Plaintiff was hospitalized the following day, September 8, 2018. Plaintiff informed Carlson of the negative reaction and the hospitalization.

18. In or around mid-to-late September 2018, Plaintiff had follow-up testing and doctor visits.

19. On or about October 4, 2018, Defendant terminated Plaintiff's employment. Plaintiff's termination letter was filled with false accusations and untruths and was focused on the July 2018 time-frame. Most, if not all, of the claims in Plaintiff's termination letter were discussed in July 2018 and Plaintiff continued to perform her job well until her termination. The suggestion by Carlson that Plaintiff was not performing well is contradicted by Plaintiff's performance metrics.

20. As of late September 2018, Plaintiff was exceeding her sales quota related to Control Plus product. Specifically, Plaintiff was 337% to September quota for Control Plus. Control Plus was the product that Defendant was pushing the most and Plaintiff was surpassing her sales expectations. For the other product, D1, as of late September 2018, Plaintiff was at 77% achievement for September 2018, which was third on her team. Compared to Direct Reps throughout the country, Plaintiff ranked toward the top as well. Furthermore, Plaintiff's % Year-to-Date achievement and % Total Achievement were also ranked competitively compared to her male colleagues throughout the country.

21. Plaintiff has personal knowledge of other female employees of Defendant who have raised formal concerns about Carlson's gender-based discriminatory and harassing treatment.

## COUNT I
## AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

22. Plaintiff, KELLIE LENSING, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-one (21).

23. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

24. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

25. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff's health condition substantially limited one or more major life activities and one or more major bodily functions.

26. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

27. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

28. The above described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

29. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

30. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

31. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, KELLIE LENSING, prays for the following damages against Defendant, Z-MEDICA:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – DISABILITY/HANDICAP DISCRIMINATION

32. Plaintiff, KELLIE LENSING, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-one (21).

33. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

34. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

35. Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act. Specifically, Plaintiff's breast cancer substantially limited one or more major life activities and one or more major bodily functions.

36. Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

37. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act. Specifically, Defendant terminated Plaintiff's employment.

38. The above described acts of disability discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

39. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

40. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

41. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, KELLIE LENSING, prays for the following damages against Defendant, Z-MEDICA:

 a. Back pay and benefits;

 b. Prejudgment interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

 e. Punitive damages;

 f. Attorneys' fees and costs;

 g. Injunctive relief; and

 h. For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII - SEX DISCRIMINATION

42. Plaintiff, KELLIE LENSING, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-one (21).

43. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII")

44. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by terminating Plaintiff's employment.

45. Defendant's adverse employment decisions toward Plaintiff were motivated by sex-based considerations.

46. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

47. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

48. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION

49. Plaintiff, KELLIE LENSING, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-one (21).

50. Plaintiff is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

51. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by terminating Plaintiff's employment.

52. Defendant's adverse employment decisions toward Plaintiff were motivated by sex-based considerations.

53. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

54. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

55. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

56. Plaintiff requests a jury trial on all issues so triable.

Dated this 2nd day of July, 2019.

                        **FLORIN GRAY BOUZAS OWENS, LLC**

                        */s/ Gregory A. Owens*
                        **GREGORY A. OWENS, ESQUIRE**
                        Florida Bar No.: 0051366
                        Primary:     greg@fgbolaw.com
                        Secondary:  gina@fgbolaw.com
                        **MIGUEL BOUZAS, ESQUIRE**
                        Florida Bar No.: 48943
                        miguel@fgbolaw.com
                        16524 Pointe Village Drive, Suite 100
                        Lutz, FL 33558
                        Telephone (727) 254-5255
                        Facsimile (727) 483-7942
                        *Attorneys for Plaintiff*